UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARGES O. BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 14-0419 (KBJ) |
| | ) |
| GOODWILL OF | ) |
| GREATER WASHINGTON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Charles D. Brooks, proceeding *pro se*, has filed suit against his former employer, Goodwill of Greater Washington ("Goodwill") under the Americans with Disabilities Act ("ADA"). Brooks alleges that Goodwill failed to accommodate his disabilities and that, as a result, he "unwillingly submitted a written resignation of employment." (Compl., ECF No. 1, at 2.) Before this Court at present is Goodwill's motion to dismiss the complaint, which argues that the complaint is time-barred and that Brooks has failed to exhaust his administrative remedies. (*See generally* Def.'s Mot. to Dismiss, ECF No. 4.) Because this Court agrees with Goodwill that the instant suit has not been filed within the applicable statute of limitations, it will **GRANT** Goodwill's motion to dismiss. A separate order consistent with this opinion will issue.

## Analysis

A litigant may bring an action in federal court alleging employment discrimination under the ADA only if he files suit within 90 days of receiving notice from the EEOC of his right to sue. *See Redding v. District of Columbia*, 828 F. Supp.

2d 272, 279 (D.D.C. 2011) (citations omitted); *see also Hammel v. Marsh USA Inc.*, No. 14cv943, 2015 WL 525765, at *5 (D.D.C. Feb. 10, 2015) ("[T]he 90-day clock begins the day after the date of receipt of the EEOC right to sue letter." (citations omitted)). This 90-day period operates as a statute of limitations, and thus is an affirmative defense that a defendant can raise in a pre-answer dispositive motion. *See Smith-Haynie v. District of Columbia*, 155 F.3d 575, 577-78 (D.C. Cir. 1998). As an affirmative defense, the 90-day period is subject to waiver, estoppel, and equitable tolling; however, it is a plaintiff's burden to show why he should be excused from this deadline. *See id.* at 578-79; *Jordan v. Quander*, 882 F. Supp. 2d 88, 94-95 (D.D.C. 2012) (citing cases).

In this matter, Brooks attached to his complaint an EEOC right-to-sue letter dated August 19, 2013, which advised him that he had 90 days to file suit based on his charge of discrimination. (Dismissal and Notice of Rights, ECF No. 1 at 4.) The complaint does not state when Brooks received this document; therefore, the Court will presume that the EEOC issued and mailed the right-to-sue letter on the same date, *Hammel*, 2015 WL 525765, at *5, and that Brooks received the letter "either three or five days" thereafter, *Mack v. WP Co., LLC*, 923 F. Supp. 2d 294, 300 (D.D.C. 2013) (citation omitted). Because the 90th day following August 24, 2013, fell on a Saturday, Brooks had, at the latest, until Monday, November 25, 2013, to file this lawsuit. However, Brooks did not file his complaint and *in forma pauperis* application until approximately two months later—on January 22, 2014—which renders his filing untimely under federal law.

The fact that Brooks is a *pro se* plaintiff who filed this action without the assistance of a lawyer is immaterial. *Cf. Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (*pro se* status does not give a plaintiff "a license to ignore" the rules applicable in federal court) (citation omitted). Furthermore, it appears that Brooks has conceded the untimeliness argument, given that he failed to address Goodwill's statute of limitations defense in his opposition to the motion to dismiss, notwithstanding the Court's exhortations to respond to Goodwill's motion (*see* May 5, 2014 Order, ECF No. 6), and Brooks has not otherwise provided this Court with any reason to excuse his untimely filing. *See, e.g.*, *Davis v. Vilsack*, 880 F. Supp. 2d 156, 160 (D.D.C. 2012) (dismissing employment discrimination case filed after the 90-day deadline because plaintiff failed to establish any "extraordinary facts warranting equitable tolling of the time bar[]"); *House v. Salazar*, 598 F. Supp. 2d 89, 92 (D.D.C. 2009) (finding plaintiff conceded his complaint was untimely when he failed to respond to untimeliness argument in opposing defendant's motion to dismiss).

## Conclusion

For the foregoing reasons, Goodwill's motion to dismiss the complaint as time-barred will be **GRANTED,** and the complaint will be dismissed in its entirety, as set forth in the separate, final order that accompanies this Memorandum Opinion.

Date:  March 25, 2015
                                                 *Ketanji Brown Jackson*
                                                 KETANJI BROWN JACKSON
                                                 United States District Judge